Filed in Douglas District Court
*** EFILED ***
Case Number: D01CI170009592
Transaction ID: 0006027104
Filing Date: 11/09/2017 04:37:51 PM CST

# IN THE DISTRICT COURT OF DOUGLAS COUNTY, NEBRASKA

| | |
|---|---|
| CANDACE BERRY, Plaintiff, | CASE NO: |
| v. | |
| THINK WHOLE PERSON HEALTHCARE, LLC; THINK AKSARBEN, LLP, Defendants. | **COMPLAINT** |

Plaintiff, Candace Berry, asserts the following against the Defendants:

1. Plaintiff, Candace Berry, is a resident of Omaha, Douglas County, Nebraska.

2. Defendant Think Whole Person Healthcare is a Delaware limited liability company which conducts business in Omaha, Douglas County, Nebraska. Its principal office is located at 7100 West Center Road, Omaha, Nebraska 68106. Its registered agent and registered office address are: Rick Pane, 7100 West Center Road, Omaha, Nebraska 68106.

3. Defendant Think Aksarben, LLP is a Nebraska limited liability partnership which conducts business in Omaha, Douglas County, Nebraska. Its principal office is located at 7100 West Center Road, Omaha, Nebraska 68106. Its registered agent and registered office address are: Rick Pane, 7100 West Center Road, Omaha, Nebraska 68106.

4. Defendants are employers as defined by the Fair Labor Practices Act, 29 U.S.C. § 203(d) and the Nebraska Wage Payment and Collection Act § 48-1229(2) and are covered by the requirements of both of those Acts.

5. Plaintiff is an employee as defined by the Fair Labor Practices Act, 29 U.S.C. § 203(e) and the Nebraska Wage Payment and Collection Act, Neb. Rev. Stat. § 48-1229(1) and is covered by the protections afforded by both of those Acts.

EXHIBIT A

6. Defendants, either of them or jointly, employed Plaintiff as a practical nurse from approximately September of 2015 through June 16, 2017. Plaintiff received paychecks and a termination letter from Defendant Think Aksarben, LLP. Plaintiff performed all of her work for the medical practice that did business and held itself out to the public as Think Whole Person Healthcare, which she believes to be the same as Defendant Think Whole Person Healthcare, LLC.

7. Prior to being employed for Defendants, Plaintiff had worked for one of its physicians for many years. He joined Defendants' practice and Plaintiff eventually joined him, initially as one of his nurses.

8. After becoming employed for Defendants, Plaintiff was promoted to "float" nurse, meaning that she worked with various physicians, nurses, and staff. She moved around and covered shifts for other nurses. She was also tasked with training nurses. Plaintiff received a performance review in 2017, in which Defendants praised her work. She also received a raise in her pay in 2017.

9. In February and March of 2017, Plaintiff reported to the federal Department of Labor's Wage and Hour Division her concerns about Defendants' requirement that she and other nurses clock out for lunch or any other break regardless of the length of the break. She also complained about being required by Defendants to often work through lunch or other unpaid break periods. She also corresponded with Defendants' human resources director, its compliance officer, and her direct supervisor on these concerns.

10. She learned that the Wage and Hour Division would investigate the issue and conduct audits of Defendants' records in July 2017.

11. In February of 2017, Defendants began their transition to a model of providing medical services to patients called the Team Care model. Plaintiff was trained to be a leader in the Team Care model and, in June of 2017, she was tasked with training fellow nurses in learning this new system and implementing it with respect to the practice of Dr. Karen Stacey. Plaintiff was an advocate in favor of this new model, and she was asked by Defendants to work with the physician who Defendants believed to be the most difficult for nurses and staff to work with to accomplish the transition to Team Care. Plaintiff obliged, doing all she could to assist with the transition.

12. During the week of June 12, 2017, Plaintiff was talking with her direct supervisor about how employees of Defendants do not stay there long because they are required to take breaks unpaid, work through unpaid lunches, or not get any breaks at all during long shifts. Plaintiff related that she had worked a twelve hour shift with a short break and that all of this was why she had made a complaint to the Wage and Hour Division to look at this practice of Defendants. Her supervisor acknowledged the comment but then treated Plaintiff coldly or ignored her.

13. Later that week, Plaintiff was called to a surprise meeting with human resources, her direct supervisor, and the director of nursing, at which she was informed she was terminated from employment immediately. Defendants offered pretextual reasons for the termination based upon a conversation it claimed Plaintiff had with co-workers in the lunch room earlier in the week. They claimed Plaintiff had yelled and used foul language regarding Defendants, which is not true. They claimed she had been negative about the Team Care transition, which is not true and which was never raised to Plaintiff as an issue until after she disclosed that she had made a complaint about the Defendants' practices with regard to requiring breaks be taken unpaid

regardless of their length or purpose and even when an employee continued working during the unpaid break period. The actual reason for Plaintiff's termination was retaliation for her complaint about Defendants' practices to Defendants themselves and to the Department of Labor's Wage and Hour Division.

## COUNT I – RETALIATION IN VIOLATION OF THE FLSA

14. Plaintiff's conduct in raising, questioning, and complaining about wage and hour issues is protected activity under the Fair Labor Standards Act.

15. Plaintiff was terminated in retaliation for engaging in protected activity under the Fair Labor Standards Act, which is unlawful under the Act, 29 U.S.C. § 215(3).

16. Plaintiff has suffered damages as a result of the retaliatory termination, consisting of past and future lost wages and benefits, including back pay and reinstatement to her previous position, or alternatively, front pay in lieu of reinstatement, which is not feasible due to the hostility between the parties and impossibility of continuing to work for Defendants in light of the allegations to be proven in this proceeding and damages she suffered at their hands, compensatory damages, damage to her reputation, damages for emotional distress and mental suffering, and other damages to be proven at trial. She also seeks liquidated damages in an amount equal to her lost wages and benefits and punitive damages under the Fair Labor Standards Act. She further seeks attorney's fees, pre and post-judgment interest, costs of this action and any further legal and equitable relief as may be appropriate to effectuate the purposes of the Fair Labor Standards Act, 29 U.S.C. § 216, and as permitted under applicable law.

## COUNT II – UNPAID WAGES IN VIOLATION OF THE FLSA
## AND THE NEBRASKA WAGE PAYMENT AND COLLECTION ACT

17. Plaintiff was required by the Defendants to clock out and was not paid for lunch breaks, regardless of their length or purpose, and all other breaks, regardless of their purpose or length. This included many breaks that were less than twenty minutes and even breaks that were for only five to ten minutes. This also included breaks that were deemed to be lunch breaks or unpaid breaks but during which Plaintiff was required to work and actually did work, which Defendants knew. For example, during the week of June 12, 2017, Plaintiff was directed to clock out for a short break, during which she performed actual work, such as using the Skype system to communicate with other nurses or co-workers while facilitating the Team Care transition that was among her main duties at that time. Plaintiff contends Defendant possesses records that will establish multiple occurrences similar to this, during which she was forced to clock out for lunch or other breaks while being required to perform work about which Defendant knew. Such records include but are not limited to: records of Skype communications with co-workers to facilitate their work and e-mails in Plaintiff's work e-mail account that she saved within the Defendant's e-mail system in order to track and corroborate unpaid breaks, lunches and related issues and concerns.

18. Under the Fair Labor Standards and regulations of the Department of Labor implementing the Act, rest periods of short duration are compensable time and must be paid for as working time. Meal breaks may be unpaid but only when an employee is completely relieved of duties for the purposes of eating regular meals. Defendants regularly and through its policies violated these aspects of the Fair Labor Standards Act with respect to Plaintiff; thus, they violated 29 U.S.C. § 215(2).

19. Under the Nebraska Wage Payment and Collection Act, an employer must pay all wages due to an employee on her regularly-designated payday. Wages are compensation for labor or services rendered by an employee, including fringe benefits, when previously agreed to and conditions stipulated to have been met by the employee. Defendants regularly and through its policies failed to pay Plaintiff wages due for what it improperly designated as unpaid breaks but for which Plaintiff actually performed labor and services for Defendants, for which Defendants agreed to pay to Plaintiff, therefore, violating the Nebraska Wage Payment and Collection Act, Neb. Rev. Stat. § 48-1230.

20. Plaintiff has suffered damages as a result of the failure to pay for her all of her time performing work for Defendants, consisting of unpaid wages and benefits for work performed. She also seeks liquidated damages in an amount equal to her lost wages and benefits and punitive damages under the Fair Labor Standards Act and the Nebraska Wage Payment and Collection Act. She further seeks attorney's fees, pre and post-judgment interest, costs of this action and any further legal and equitable relief as may be appropriate to effectuate the purposes of the Fair Labor Standards Act, 29 U.S.C. § 216, as authorized by that Act and by the Nebraska Wage Payment and Collection Act, Neb. Rev. Stat. § 48-1231, and as permitted under applicable law.

21. Plaintiff hereby demands trial by jury on all of her claims.

WHEREFORE, Plaintiff prays that the Court enters judgment against the Defendants on the claims set forth herein, awards her damages, attorney's fees, costs, and interest as set forth above, and awards any further relief the Court deems just and appropriate.

Dated this 9th day of November, 2017.

                                    CANDACE BERRY, Plaintiff,

By: /s/ *Bonnie M. Boryca*
Bonnie M. Boryca, #24886
ERICKSON | SEDERSTROM, P.C.
10330 Regency Parkway Drive
Omaha, NE 68114
(402) 397-2200
(402) 390-7137 Fax
boryca@eslaw.com
Attorneys for Plaintiff